**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4615**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARMAL HARRID, a/k/a J-Rock, a/k/a PJ,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge. (1:16-cr-00267-CCB-15)

Submitted: May 31, 2018                          Decided: June 6, 2018

Before GREGORY, Chief Judge, AGEE and DIAZ, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Gregory Dolin, Associate Professor of Law, Polina Katsnelson, Law Clerk, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant. Christina Ann Hoffman, Lauren Elizabeth Perry, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarmal Harrid appeals his convictions and 120-month sentence after pleading guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (2012), and conspiracy to distribute and possess with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 846 (2012). Harrid's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court properly determined the drug weight at sentencing and whether Harrid's trial counsel rendered ineffective assistance by failing to obtain a lower sentence. The Government has moved to dismiss the appeal based on a waiver of appellate rights in Harrid's plea agreement. We affirm in part and grant the Government's motion to dismiss in part.

> A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary. We review the issue of whether a defendant effectively waived his right to appeal de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver.

*United States v. Davis*, 689 F.3d 349, 354-55 (4th Cir. 2012) (internal citation omitted). "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent," which we determine by assessing the totality of the circumstances. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Harrid knowingly and voluntarily waived his right to appeal. Accordingly, we grant the Government's motion in part and dismiss the appeal as to any issues within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal that lie outside the scope of the waiver or are not waivable by law. To the extent Harrid raises a claim of ineffective assistance of counsel, that claim is not cognizable on direct appeal because the record does not conclusively establish that counsel was ineffective. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Accordingly, we affirm the district court's judgment as to any issue not precluded by the appeal waiver. This court requires that counsel inform Harrid, in writing, of the right to petition the Supreme Court of the United States for further review. If Harrid requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrid.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*